## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549,

                    **Plaintiff,**

       **v.**

ALI HOZHABRI,

                  **Defendant.**

------------------------------------------------------------------

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges:

### SUMMARY

1.      This action involves violations of the issuer books and records provisions of the federal securities laws arising from an embezzlement scheme at ABB Ltd. ("ABB"). Defendant Ali Hozhabri ("Hozhabri" or "Defendant") was a project manager at ABB Network Management ("ABB NM"), a division of a U.S. based ABB subsidiary, which provides products and services for managing power generation and transmission networks. From 2002 through 2004, Defendant fraudulently submitted approximately $468,714 in cash and check disbursement requests to ABB NM for fictional local business expenses associated with projects in Brazil, Paraguay, and the United Arab Emirates ("UAE"). The funds disbursed by ABB NM as a result of these requests were not used to pay business expenses, but rather were embezzled by Defendant and the former General Manager of ABB NM.

2.      As a result of the conduct alleged in this Complaint, Defendant violated

Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange

Act Rule 13b2-1 [15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1], and aided and

abetted violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §

78m(b)(2)(A)].

## JURISDICTION

3.      This court has jurisdiction over this action pursuant to Exchange Act

Sections 21(d) and 27 [15 U.S.C. §§ 78u(d) and 78aa].  In connection with the conduct

described herein, Defendant made use of the mails and/or the means or instrumentalities

of interstate commerce.

## DEFENDANT

4.      Defendant Ali Hozhabri ("Hozhabri"), age 53, is a citizen of the United

States and currently resides in Houston, Texas.  During the relevant time period,

Hozhabri was a project manager for ABB Network Management, a Sugarland, Texas

based division of ABB Inc., a U.S. subsidiary of ABB.

## RELEVANT ENTITY

5.      ABB Ltd., a Swiss corporation with headquarters in Zurich, Switzerland,

is a global provider of power and automation technologies.  ABB's American Depository

Receipts are registered with the Commission pursuant to Exchange Act Section 12(b) [15

U.S.C. § 78l(b)], and trade on the New York Stock Exchange.  As a foreign issuer, ABB

files annual reports with the Commission on Form 20-F.  During the relevant time period,

ABB had numerous direct and indirect subsidiaries, including ABB Inc., whose financial

results were part of ABB's consolidated financial statements filed with the Commission.

## FACTS

### The Embezzlement Scheme

6.      Between 2002 and 2004, Defendant and the former General Manager of ABB NM, embezzled at least $468,714 from ABB NM.  They carried out this scheme by requesting and/or authorizing cash and check disbursements to pay purported business expenses associated with contracts ABB NM was performing for Itaipu Binacional ("ITAIPU"), an entity owned by the governments of Brazil and Paraguay, and for Abu Dhabi Company for Onshore Oil Operations ("ADCO"), a division of a government owned company in the UAE.

7.      Defendant was ABB NM's project manager on these contracts.  The $468,714 that ABB NM disbursed as a result of these fraudulent requests was never used to pay any business expenses associated with these contracts, but rather was embezzled by Defendant and the former ABB NM General Manager.  Defendant personally kept $234,357 of these embezzled funds, and ABB NM's General Manager kept the remainder of money.

### The ITAIPU Contract

8.      ITAIPU is an entity owned by the governments of Brazil and Paraguay that generates and transmits power from a hydroelectric damn on the Parana River.  In 2000, as a result of an acquisition by ABB, ABB NM assumed performance of a $6.9 million contract to provide products and services to ITAIPU.  Between 2002 and 2004, Defendant and the former General Manager of ABB NM, embezzled approximately $330,000 in connection with the ITAIPU contract.

3

9.     Under the ITAIPU contract, ABB NM was permitted to adjust previously submitted invoices to ITAIPU to account for inflation according to a formula specified in the contract. Defendant, the project manager on this contract, bypassed ABB NM's ordinary procedure of generating these invoices through the accounting department, and personally prepared and submitted to ITAIPU, approximately $330,000 in "readjustment" invoices. After ITAIPU paid these invoices, Defendant prepared and submitted fraudulent requests to ABB NM for cash and check disbursements to pay purported business expenses associated with the ITAIPU contract. The expenses -- described on the disbursement requests as "commissions" and "local works" -- were phony. The purported expenses were inaccurately recorded as legitimate business expenses in ABB's books and records.

10.    The General Manager of ABB NM authorized ABB NM's controller to approve these disbursements, purportedly so Defendant could take cash to Brazil to pay local business expenses of ABB NM associated with this project. These funds were not used to pay business expenses. Instead, Defendant and the former ABB NM General Manager kept the money for their personal use.

### The ADCO Contract

11.    ADCO is a division of Abu Dhabi National Oil Company ("ADNOC"), a government owned company that, among other operations, generates and transmits electrical power in the UAE. In 2000, as a result of an acquisition by ABB, ABB NM assumed performance of a $5.9 million contract to provide products and services to ADCO. Defendant was the project manager on this contract. In 2002 and 2003,

4

Defendant and the former General Manager of ABB NM, embezzled approximately $139,000 in connection with the ADCO contract.

12.    In 2002 and 2003, there were various change orders to the ADCO contract, pursuant to which ABB NM provided ADCO additional products and services. ABB NM, through an ABB subsidiary in Abu Dhabi, submitted invoices to ADCO in connection with these change orders. After ADCO paid certain of these invoices, Defendant prepared and submitted fraudulent requests to ABB NM for cash and check disbursements to pay purported "commissions" and "subcontractor fees" associated with these change orders. These purported expenses, which were recorded as legitimate business expenses in ABB's books and records, were phony.

13.    The General Manager authorized ABB NM's controller to approve these disbursements, purportedly so Defendant could take cash to Abu Dhabi to pay local business expenses associated with these change orders. These funds were not used to pay business expenses, rather Defendant and the former ABB NM General Manager kept the money for their personal use.

## FIRST CLAIM
### (Books and Records and Internal Controls)
### [Violations of Exchange Act Section 13(b)(5) and Rule 13b2-1]

14.    Paragraphs 1 through 13 are re-alleged and incorporated by reference.

15.    As described above, Defendant knowingly circumvented ABB's internal accounting controls and, directly or indirectly, falsified, or caused to be falsified, books, records, or accounts of ABB subject to Exchange Act Section 13(b)(2) [15 U.S.C. § 78m(b)(2)].

16.   By reason of the foregoing, Defendant violated Exchange Act Section 13(b)(5) and Exchange Act Rule 13b2-1 [15 U.S.C. § 78m(b)(5) and 17 C.F.R. § 240.13b2-1].

## SECOND CLAIM
### (Books and Records)
### [Aiding and Abetting Violations of Exchange Act Section 13(b)(2)(A)]

17.   Paragraphs 1 through 16 are re-alleged and incorporated by reference.

18.   The funds disbursed as part of the embezzlement scheme were inaccurately recorded as payment of legitimate business expenses in ABB's consolidated books and records, in violation of Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].  As a consequence, ABB's books and records failed to accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

19.   Defendant knowingly provided substantial assistance in causing ABB to inaccurately record these disbursements and phony expenses in ABB's books and records.

20.   By reason of the foregoing, Defendant aided and abetted violations of Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that this Court enter judgment:

(a)   permanently enjoining Defendant from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)], and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], and from aiding and abetting violations of Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)];

(b)     ordering Defendant to disgorge ill-gotten gains he received in connection

with the conduct alleged in this Complaint; and

(c)     granting such other and further relief as is just and appropriate.

Respectfully submitted,

Scott W. Friestad
Robert B. Kaplan
Brian O. Quinn
Tonia J. Tornatore

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4982 (Quinn)

Dated:  August 6, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION     :
100 F Street, N.E.     :
Washington, D.C. 20549,     :
    :
           Plaintiff,     :
    :
      v.     :
    :
ALI HOZHABRI,     :
    :
           Defendant.     :
    :

---------------------------------------------------------------------

## CONSENT OF DEFENDANT ALI HOZHABRI

1.    Defendant Ali Hozhabri ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violating Section 13(b)(5) of the Securities Exchange Act of 1934 (hereinafter "Exchange Act") [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], as well as from aiding and abetting violations of Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)]; and

(b)    orders Defendant to pay disgorgement in the amount of $234,357.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal

2

liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10.    Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this

3

action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: July 11, 08

Ali Hozhabri

4

On _July 11_, 2008, _Ali Hozhabri_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_M Jane Faber_
Notary Public
Commission expires:

M Jane Faber
My Commission Expires
11/23/2008

Approved as to form:

_____
Attorney for Defendant
Philip Hilder
Hilder & Associates, P.C.
819 Lovett Blvd.
Houston, TX 77006-3905

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------

|  |  |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION** | : |
| **100 F Street, N.E.** | : |
| **Washington, D.C. 20549,** | : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | : |
|  | : |
| **ALI HOZHABRI,** | : |
|  | : |
| **Defendant.** | : |
|  | : |

------------------------------------------------------------------

### FINAL JUDGMENT AS TO DEFENDANT ALI HOZHABRI

The Securities and Exchange Commission having filed a Complaint and
Defendant Ali Hozhabri ("Defendant") having entered a general appearance; consented to
the Court's jurisdiction over Defendant and the subject matter of this action; consented to
entry of this Final Judgment without admitting or denying the allegations of the
Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and
waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant and
Defendant's agents, servants, employees, attorneys, and all persons in active concert or
participation with them who receive actual notice of this Final Judgment by personal
service or otherwise are permanently restrained and enjoined from violating Section
13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act

Rule 13b2-1 thereunder [15 U.S.C. §§ 78dd-1 and 78m(b)(5) and 17 C.F.R. § 240.13b2-1] by:

> (i)    knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act; or

> (ii)   directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(a) of the Exchange Act.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to any issuer which has a class of securities registered pursuant to Exchange Act Section 12 [15 U.S.C. § 78] or which is required to file reports under Exchange Act Section 15(d) [15 U.S.C. § 78dd] that fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $234,357, representing profits gained as a result of the conduct alleged in the Complaint. This disgorgement obligation shall be deemed satisfied by Defendant's payment of restitution or forfeiture totaling $234,357 in the

pending criminal case before the United States District Court for the Southern District of Texas, Houston Division, *United States v. Hozhabri*, Criminal Docket No. H-07-452(s) (SDTx). If Defendant does not pay restitution or forfeiture totaling $234,357 within 30 days of sentencing in the pending criminal case, then Defendant's disgorgement obligation of $234,357, minus any payments made in the pending criminal case, shall become due and payable immediately without further application to the Court. Payment of this disgorgement obligation shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mailstop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Ali Hozhabri as the defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A copy of this letter and payment shall also be delivered to or mailed to Tonia J. Tornatore, Securities and Exchange Commission, 100 F St., NE, Mailstop 6041, Washington, DC 20549-6041. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

3

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  August __, 2008

_____
UNITED STATES DISTRICT JUDGE

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| U.S. Securities and Exchange Commission | Ali Hozhabri |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ——————— (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    99999 (IN U.S. PLAINTIFF CASES ONLY) ——————— NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Robert B. Kaplan, Brian O. Quinn & Tonia J. Tornatore<br>100 F St., NE<br>Washington, DC 20549-6041<br>(202)551-4982 | Philip Hilder (713)655-9111<br>Hilder & Associates PC<br>819 Lovett Blvd.<br>Houston, TX 77006-3905 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⊙ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)*  OR  ○ F. *Pro Se General Civil* |
|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☒ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. §§ 78u(d) and 78aa - Action alleging violations of the Securities Exchange Act of 1934

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐ NO ☒  If yes, please complete related case form.

DATE August 6, 2008  SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.